**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | Case No. 17-37822 |
| MITCHEL MICK, | ) | Hon. Judge Donald R. Cassling |
| | ) | Room 619 |
| Debtor. | ) | Hearing Date: March 17, 2022 |
| | ) | Hearing Time: 9:30 a.m. |

**NOTICE OF HEARING ON FIRST AND FINAL FEE APPLICATION FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE ATTORNEYS OF WEISSBERG AND ASSOCIATES, LTD., COUNSEL TO MITCHEL MICK FOR THE PERIOD FROM AUGUST 15, 2017, TO APRIL 25, 2019**

TO:   THE PERSONS ON THE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE THAT on March 17, 2022, at the hour of 9:30 a.m., we shall appear before the Honorable Donald R. Cassling, or any other Judge sitting in his stead **BY ZOOM** (no personal appearance is allowed other than by Zoom), at which time we shall present the *First and Final Fee Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Attorneys of Weissberg and Associates, Ltd., Counsel to Mitchel Mick* (*"Applicants"*) *for the Period from August 15, 2017 to April 25, 2019* (the "Final Fee Application"), a copy of which is attached hereto a served upon you and shall pray for the entry of an order in conformity with said pleading.

**PLEASE TAKE FURTHER NOTICE** that Applicants seek to have this Court enter an order: (a) allowing and approving $31,773.75 in compensation for Applicants for legal services rendered from August 15, 2017 to April 25, 2019; (b) allowing and approving $404.35 in reimbursement for costs and expenses incurred by Applicants in this bankruptcy case; and (c) authorizing and directing Mitchel Mick to pay Applicants $23,178.10 in fees and expenses,

which represents the total amount requested pursuant to this Final Fee Application (after application of a $9,000 Advanced Payment Retainer received from Debtor). This is the Final Fee Application of Applicants in this case.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/join. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and passcode**. The meeting ID for this hearing is **161 165 5696** and the **passcode** is **7490911**. Additional information can be found on Judge Hunt's webpage on the court's website: https://www.ilnb.uscourts.gov/content/judge-lashonda-hunt.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

                        **ARIEL WEISSBERG AND WEISSBERG AND ASSOCIATES, LTD.,** Applicants


                        By**:**    /s/ Ariel Weissberg
                            One of their attorneys

Ariel Weissberg, Esq. (No. 03125591)
Weissberg and Associates, Ltd.
564 W. Randolph Street, 2nd Floor
Chicago, Illinois 60661
T. 312-663-0004
F. 312-663-1514
Email: ariel@weissberglaw.com

2

## **CERTIFICATE OF SERVICE**

      I, Ariel Weissberg, certify that on February 22, 2022, I caused to be served ***Final Fee Application for Allowance of Compensation for Services Rendered and Reimbursement of Expenses for the Attorneys of Weissberg and Associates, Ltd., Counsel to Mitchel Mick for the Period from August 15, 2017, through April 25, 2019,*** to be filed electronically. Notice of this filing was sent to all parties registered with the court's ECF electronic transmission, including to the following parties:

Patrick S. Layng, Esq.
Office of the U.S. Trustee, Region 11
219 S Dearborn St., Room 873
Chicago, IL 60604-2027
USTPRegion11.ES.ECF@usdoj.gov

Thomas H. Hooper, Esq.
Successor Chapter 13 Trustee
55 East Monroe St., Suite 3850
Chicago, IL 60603

PNC Bank, National Association
c/o Zhiqi Wu, Esq.
Heavner, Beyers & Mihlar, LLC
111 East Main Street
Decatur, IL 62523

Badesch Abramovich LLC
c/o Joseph E. Cohen, Esq.
Gina B. Krol, Esq.
Cohen & Krol
105 West Madison Street, Suite 1100
Chicago, Illinois 60602

JPMorgan Chase Bank, N.A.
c/o Paul W. Cervenka, Esq.
14841 Dallas Parkway, Suite 425
Dallas, Texas 75254
E-mail: POCInquiries@BonialPC.com


and on February 23, 2022, by first class U.S. mail, postage prepaid to the following parties:

Illinois Department of Revenue
Bankruptcy Section
100 W. Randolph Street
Chicago, IL  60606

Illinois Department of Revenue
Bankruptcy Section
P.O. Box 19035
Springfield IL 62794-9035

Illinois Department of Revenue
Legal Services Office MC5-500
101 West Jefferson
Springfield, IL  62794

U.S. Attorney
219 S. Dearborn Street
Chicago, IL 60604

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

District Director
Internal Revenue Service
230 S. Dearborn St.
Mail Stop 5016-CHI
Chicago, IL 60604

Richard E. Zuckerman
Tax Division (DOJ)
Department of Justice – Tax Division
950 Pennsylvania Avenue NW
Washington DC, 20530-0001

Internal Revenue Service,
Mail Stop 5014CHI,
230 S. Dearborn Street
Room 2600
Chicago, IL 60604-1705

Office of Chief Counsel
Internal Revenue Service
200 West Adams, Suite 2300
Chicago, IL  60606

JPMorgan Chase Bank, N.A.
700 Kansas Ln, Mail Code
LA4-5555
Monroe, Louisiana 71203

4

BMO Harris Bank
P.O. Box 1111
Madison, WI 53701-1111

Bay County Tax Collector
P.O. Box 2285
Panama City, FL 32402-2285

Bay Point Community Assoc.
P.O. Box 27089
Panama City, FL 32411-7089

Capital One
P.O. Box 30285
Salt Lake City, UT 84130-0285

Capital One
15000 Capital One Drive
Richmond, VA 23238

Chase Mortgage,
P.O. Box 24696
Columbus, OH 43224-0696

Citibank
P.O. Box 6241
Sioux Falls, SD 57117-6241

City of Panama City Beach
110 S. Arnold Road
Panama City Beach, FL 32413-2140

Mitch Dever
7106 Quail Hollow Dr.
Panama City, FL 32408-4984

Nate's Sanitation
2614 E. 22nd Court
Panama City, FL 32405-6204

PNC Mortgage
P.O. Box 8703
Dayton, OH 45401-8703

Pamela Partenheimer Mick
c/o Avery Camerlingo Kill
218 N. Jefferson, Suite 200,
Chicago, IL 60661-1115

Sidley Austin LLP
One South Dearborn
Chicago, IL 60603-2323

Stout Risius Ross, LLC
P.O. Box 71770
Chicago, IL 60694-1770

Gulf Power
P.O. Box 830660
Birmingham, AL 35283-0660

Gulf Power Company,
One Energy Place - Bin 31
Pensacola, FL 32520-0031

Mr. Mitchel Mick
332 S. Michigan Ave., Suite 1032-M163
Chicago, IL 60604


          /s/ Ariel Weissberg
           Ariel Weissberg

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | Case No. 20-18444 |
| Mitchel Mick, | ) | |
| | ) | Hon. Donald R. Cassling |
| Debtor. | ) | |
| | ) | Hearing Date:  March 17, 2022 |
| | ) | Hearing Time:  9:30 a.m. |

**SUMMARY OF FINAL FEE APPLICATION FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE ATTORNEYS OF WEISSBERG AND ASSOCIATES, LTD., COUNSEL TO Mitchel Mick FOR THE PERIOD FROM AUGUST 15, 2017, TO APRIL 25, 2019**

| | |
|---|---|
| Name of Applicants: | Ariel Weissberg and Weissberg and Associates, Ltd. |
| Authorized to Provide Professional Services to: | Mitchel Mick |
| Date of Retention: | August 15, 2017 |
| Period for Which Compensation and Reimbursement is Sought: | August 15, 2017 to April 25, 2019 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $31,773.75 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $404.35 |
| Type of Fee Application: | First and Final Fee Application |

7

This is Applicants' First and Final Fee Application. No prior monthly fee statements or Fee Applications have been filed.

Dated: February 22, 2022`                    Respectfully submitted,

**ARIEL WEISSBERG AND WEISSBERG AND ASSOCIATES, LTD.** Applicants

By:     /s/ Ariel Weissberg
       One of their attorneys

Ariel Weissberg, Esq. (Attorney #03125591)
Weissberg and Associates, Ltd.
564 W. Randolph St., 2nd Floor
Chicago, IL 60661
T. (312) 663-0004
F. (312) 663-1514
Email: ariel@weissberglaw.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | Case No. 20-18444 |
| Mitchel Mick, | ) | |
| | ) | Honorable Donald R. Cassling |
| Debtor. | ) | |
| | ) | Hearing Date:  March 17, 2022 |
| | ) | Hearing Time:  9:30 a.m. |

**FINAL FEE APPLICATION FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE ATTORNEYS OF WEISSBERG AND ASSOCIATES, LTD., COUNSEL TO MITCHEL MICK, FOR THE PERIOD FROM AUGUST 15, 2017, THROUGH April 25, 2019**

NOW COME Applicants, Ariel Weissberg and the law firm of Weissberg and Associates, Ltd. (collectively referred to as "W&A" or "Applicants"), counsel to Mitchel Mick ("Debtor"), Debtor in the above-captioned Chapter 13 case (the "Case"), pursuant to 11 U.S.C. §330(a)(4)(B) 11 of the United States Code (the "Bankruptcy Code"), hereby request that this Court enter an order (a) allowing and approving $31,773.75 in final fee compensation for Applicants for legal services August 15, 2017 to April 25, 2019 (the "Application Period"); (b) allowing and approving $404.35 as reimbursement for costs and expenses incurred by Applicants in connection with this case during the Application Period, and (c) authorizing and directing the Debtor to pay Applicants $23,178.10 in fees and expenses, which represents the total amount requested pursuant to this Final Fee Application (the "Final Fee Application"), after application of a $9,000 Advanced Payment Retainer received from Debtor.

In support of this Final Fee Application, Applicants state as follows:

9

## I. JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

2. Venue of this Case and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(A) and (O).

3. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 330 and 503.

## II. INTRODUCTION

4. This is the Application of Ariel Weissberg and the law firm of Weissberg and Associates, Ltd. for an allowance of final compensation in the sum of $31,773.75 and expense reimbursement in the sum of $404.35, aggregating $31,773.75, pursuant to 11 U.S.C. Section 330 and Federal Rules of Bankruptcy Procedure 2016, for allowance of final compensation and reimbursement of expenses. Applicants are seeking an order authorizing and directing the Debtor to pay Applicants the sum of $23,178.10 in fees and expenses, after application of the $9,000 Advanced Payment Retainer received from Debtor.

5. The services of Applicant were a substantial benefit to the Debtor and the bankruptcy estate. Specifically, Applicants worked with the Debtor on an intensive level to identify assets that qualified as "property of the estate." This investigation led to the filing of the Debtor's Schedules and Statement of Financial Affairs, and the filing of monthly Operating Reports pursuant to Federal Rule of Bankruptcy Procedure 2015.3.

Also, the attorneys of W&A worked in several courts, including this Bankruptcy Court,

to advance the interests of the Debtor and to lead to an affective administration of the Debtor's estate. For example, the attorneys of W&A were involved in the Debtor's divorce case captioned as, *Pamela Mick v. Mitchel Mick*, Case No. 1:18-cv-06196 ("Divorce Case"). The work in the Divorce Case required substantial work involving complex legal and factual issues.

Relating specifically to this bankruptcy case, the attorneys of W&A spent substantial time and effort to resolve the claims and objections of the major creditor, the Law Offices of Robert Badash. This interaction was complex and intense.

In addition, the attorneys of W&A worked cooperatively with the Office of the Chapter 13 Trustee in the administration of this bankruptcy case. This cooperation involved numerous telephone calls and exchanges of emails with the Chapter 13 Trustee to provide information on a timely basis to the Chapter 13Trustee.

This work merits the awarding of the fees requested by Applicants.

6.  These services, as described above, were of sufficient benefit to the Debtor and the Estate to merit the entry of an Order approving Applicants' request for fees.

### III.    HISTORY AND PRESENT STATUS OF THE CASE

7.  On December 21, 2017, Debtor filed a voluntary petition ("Petition") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division to initiate the above-referenced Chapter 13 case.

### IV.    THE NATURE AND EXTENT OF THE SERVICES RENDERED AND COSTS INCURRED

8.  Applicants present this Final Fee Application for allowance of final compensation pursuant to §330 of the Code for Professional Services rendered from August 15, 2017, to April 25, 2019, and for reimbursement of expenses incurred during this period. All services for which compensation is requested by Applicants was in connection with this case; were in connection

11

with Debtor's performance of his duties prescribed by the Code or were rendered pursuant to order of the Court.

9.  As the Debtor's counsel, Applicants performed a variety of legal services during the Application Period and a detailed itemization of the professional time expended in this case is attached hereto as **Exhibit 1**.

10. The hourly rate for legal services are identical to the rates generally charged by Applicants to its non-bankruptcy clients.

11. In addition to rendering $31,773.75 in legal services, Applicants incurred $404.35 in actual out-of-pocket costs and expenses. Applicants attempted to minimize the charges and disbursements associated with the Case.  A summary of these expenses is attached hereto as **Exhibit 2**.

12. All of the hours reflected in the Statement were reasonable and necessary to protect the interests of Debtor, the unsecured creditors and the secured creditors of this estate.  The following attorneys of W&A rendered services to Debtor during the Application Period, a breakdown of which is attached hereto as **Exhibit 3**: Ariel Weissberg (hourly rate of $450), Devvrat Sinha (hourly rate of $350) and Rochelle Laxamana (hourly rate of $200).  These hourly rates are normal and customary.  These services were necessary to the administration of the estate and were beneficial to the estate.  The services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed.  The compensation sought by Applicants is reasonable based on compensation charged by comparably skilled practitioners in the Greater Chicago Metropolitan area in other Chapter 13 cases.

14. Section 330 of the Bankruptcy Code governs compensation of professionals in a

bankruptcy case and provides that, when determining the amount of reasonable compensation to award to a professional, the Court should consider the nature, extent and value of the services to the bankrupt estate and all other relevant factors. 11 U.S.C. § 330(a)(3).

15. In addition, Bankruptcy Rule 2016 provides that "an entity seeking final compensation for services or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred; and (2) the amounts requested." Fed. R. Bankr. P. 2016(a).

16. Bankruptcy courts in this district have stated that "[i]n reviewing fee applications, the bankruptcy court must address three issues: were the services that are the subject of the application properly compensable; if so, were they actual and necessary; if so, how will they be valued?" *In re Lifschultz Fast Freight*, 140 B.R. 482, 485 (Bankr. N.D. Ill. 1992) citing *In re Wildman*, 72 Bankr. 700, 704 (Bankr. N.D. Ill. 1987).

17. In addition, with respect to expenses, bankruptcy courts in this district have required that an "[a]pplication should contain a detailed list of expenses including the date, the type and the amount." *In re Convent Guardian Corp.*, 103 B.R. 937, 939 (Bankr. N.D. Ill. 1989). In determining whether an expense is necessary, the *Convent Guardian* court stated that "an expense is necessary if it was incurred because it was reasonably needed to accomplish the proper representation of the client." *Id*.

18. The Final Fee Application meets the foregoing requirements. First, Applicants' services are properly compensable. The Court entered the Employment Order which authorized the retention of Applicants as the attorneys for the Debtor. Further, the Fee Application is being properly filed pursuant to 11 U.S.C. § 330. Applicants' services were necessary to resolve the claims of creditors, and to confirm the Plan. Therefore, Applicants' services are properly

compensable. *See Lifschultz*, 140 B.R. at 485 (court found that where law firm was properly retained and law firm filed appropriate fee application, law firm's services were "properly compensable").

19. Second, compensation is proper for services that are actual and necessary. The *Lifschultz* court found that "[s]ervices necessary under section 330 are those services that aid the professional's client in fulfilling its duties under the Code." *Id*. Further, "[n]ecessary services have always included services that aid in the administration of the case and help the client fulfill duties under bankruptcy law, whether or not those services result in a monetary benefit to the estate." *Id*. The services provided by Applicants were actual and necessary. Again, Applicants' services were "actual and necessary" to achieve confirmation of the Plan. As set forth in this Final Fee Application, Applicants' attorneys have provided numerous services to the Debtor on a daily basis.

20. Third, "[o]nce the court has determined that the services for which compensation is sought were properly compensable and actual and necessary, it must determine the value of those services." *Id*. at 488. That is, "the court must evaluate what the 'actual, necessary services' were worth to the client, based upon the five criteria listed in section 330(a)(1)." *Id*. At 488. In accordance with the factors enumerated in 11 U.S.C. § 330, the amount requested herein by Applicants is fair and reasonable, and fairly represents the value the Debtor received from Applicants' services, given: (i) the nature of the Case, (ii) the novelty and complexity of the Case, (iii) the time and labor required to represent the Debtor effectively, (iv) the time limitations imposed by the Case, (v) the nature and extent of the services rendered, (vi) Applicants' experience, reputation and ability, (vii) the value of Applicants' services, and (viii) the cost of comparable services other than in a case under title 11 of the United States Code. Here, the

14

value of Applicants' services is not in doubt, as described in para 5, above.

21. Other than as provided in 11 U.S.C. 504(b), Applicants have not agreed to share, any compensation or reimbursement received as a result of this case with any person, firm or entity. No agreement or understanding exists between Applicants and any other person, firm or entity concerning the sharing of compensation or expense reimbursement received, or to be received on account of this case. No promises concerning compensation or expense reimbursement have been made to Applicants by any person, firm or entity. The sole and exclusive source of compensation and expense reimbursement shall be funds of this estate.

22. The services rendered and described above provided a substantial benefit to the Debtor's estates and is fair and reasonable, pursuant to 11 U.S.C. 330 and Bankruptcy Rule 2016. The reasonable value of services rendered by Applicants August 15, 2017, to April 25, 2019, giving due consideration to the nature, extent and value of services rendered, the time which has been fairly and properly expended, the quality and skill for which the situation called, the risk and contingency of nonpayment and the cost of comparable services other than in a case under Chapter 13, and the results achieved in this Case, is $31,773.75. Based on the hourly charges of Applicants, as set forth above, Applicants requests that this Court determine and allow $31,773.75 as final compensation and $404.35 for reimbursement of Applicants' reasonable out of pocket expenses, less application of the Advanced Payment Retainer received in the amount of $9,000.00.

23. In addition to the foregoing, attached hereto as **Exhibit 4** is the Declaration of Ariel Weissberg in support of this Final Fee Application.

## V.  NOTICE

24. No prior request for the relief requested by this Application has been made to this

Court or any other court.

25. A notice advising of the hearing on this application will be transmitted to all creditors on January 13, 2022. A copy of the notice is appended hereto. Creditors that have filed an appearance in the case and that receive notice to the ECF system have been provided with a copy of this entire application.

WHEREFORE, Ariel Weissberg and the law firm of Weissberg and Associates, Ltd. respectfully request that the Court enter an order:

(a) Allowing and approving (i) $31,773.75 in final compensation for Applicants' legal services during the Application Period; and (ii) $404.35 as reimbursement for costs and expenses incurred by Applicants during the Application Period;

(b) Directing the Debtor to pay Applicants $23,178.10 in fees and expenses, which represents the total amount requested pursuant to this Final Fee Application, after application of the Advanced Payment Retainer of $9,000.00; and

(c) Granting such other and further relief as the Court deems just and proper.

Dated: February 22, 2022              Respectfully submitted,

                                      **ARIEL WEISSBERG AND WEISSBERG AND ASSOCIATES, LTD.** Applicants


                                      By:     /s/ Ariel Weissberg
                                              One of their attorneys


Ariel Weissberg, Esq. (Attorney #03125591)
Weissberg and Associates, Ltd.
564 W. Randolph St., 2nd Floor
Chicago, IL 60661
T. (312) 663-0004
F. (312) 663-1514
Email: ariel@weissberglaw.com

16